# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PAYAM NOROOZI,
4606 Ridgefall Rd
Greensboro, NC 27410
Phone: (727) 482-3101
Email: noroozi.payam19@gmail.com

    Plaintiff,

v.       Civil Action No.

Case: 1:25-cv-01698
Assigned To : Sooknanan, Sparkle L.
Assign. Date : 5/22/2025
Description: Pro Se Gen. Civ. (F-DECK)

ANTONY BLINKEN, in his official capacity as Secretary of State
U.S. Department of State 2201 C
Street NW, Washington, DC 20520

MERRICK GARLAND, in his official capacity as Attorney General
U.S. Department of Justice 950
Pennsylvania Avenue NW,
Washington, DC 20530

UNITED STATES DEPARTMENT OF STATE
U.S department of state 2201 C
Street NW, Washington, DC 20520

UNITED STATES EMBASSY IN YEREVAN, ARMENIA
1 American Ave, Yerevan 0082, Republic of
Armenia

RECEIVED
Mailroom

MAY 2 2 2025

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

    Defendants.

# COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY RELIEF

## INTRODUCTION

1. Plaintiff, PAYAM NOROOZI, a United States citizen, respectfully petitions this Court for a writ of mandamus compelling Defendants to adjudicate the immigrant visa application of his wife, **Fatemeh Keshavarz**, which has been unreasonably delayed for more than **26 months** in **administrative processing**.

## JURISDICTION AND VENUE

2. This action arises under the U.S. Constitution; the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.; and the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 701 et seq.

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 1361 (mandamus). Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202 and 5 U.S.C. § 702.

4. Under 28 U.S.C. § 1361, this Court may compel an officer or agency of the United States to perform a duty owed to the plaintiff.

5. Plaintiff challenges the Defendants' failure to adjudicate a properly filed immigrant visa — a non-discretionary duty required by law and regulation. See Patel v. Reno, 134 F.3d 929 (9th Cir. 1998).

6. The APA requires agencies to act within a "reasonable time." See 5 U.S.C. § 555(b). Defendants have violated this by delaying a decision for over 26 months.

7. Venue is proper under 28 U.S.C. § 1391(e) because Defendants are U.S. government agencies and officers residing in this district.

## PARTIES

8. Plaintiff, Payam Noroozi, is a U.S. citizen residing in Greensboro, North Carolina. He petitioned for an IR-1 immigrant visa on behalf of his spouse.

9. Fatemeh Keshavarz is the visa beneficiary, a citizen of Iran residing in Shiraz, Iran. Her immigrant visa case number is YRV2022787007.

10. Defendant Antony Blinken is the U.S. Secretary of State. He is sued in his official capacity and is responsible for visa issuance and overall administration of the Department of State.

11. Defendant Merrick Garland is the Attorney General of the United States. He is sued in his official capacity and oversees the U.S. Department of Justice, which defends the government in immigration-related litigation.

12. Defendant United States Department of State is the federal agency responsible for implementing U.S. immigration policy and processing visa applications, including the application at issue in this case.

13. Defendant United States Embassy in Yerevan, Armenia is the consular post that conducted the visa interview of the beneficiary and has direct responsibility for adjudicating the immigrant visa application. It operates under the authority of the Department of State and is located at 1 American Ave, Yerevan 0082, Republic of Armenia.

## FACTUAL BACKGROUND

14. On April 30, 2021, Plaintiff Payam Noroozi, a United States citizen, filed a Form I-130 immigrant visa petition on behalf of his wife, Fatemeh Keshavarz, a citizen of Iran. The

petition was approved on March 2, 2022, and subsequently forwarded to the National Visa Center and then the U.S. Embassy in Yerevan, Armenia for consular processing. (see Exhibit K.)

15. The beneficiary completed all necessary pre-interview steps, and the immigrant visa interview was held at the U.S. Embassy in Yerevan on March 13, 2023. (See Exhibit D.)

16. On the day of the interview, the consular officer informed the beneficiary that her case was subject to additional administrative processing. No further information, justification, or timeline was provided. Later that same day, the Embassy sent a detailed administrative questionnaire (DS-5535) via email, which the beneficiary completed and returned on the next day, March 14, 2023. (See Exhibit C.)

17. Since the interview, over 26 months have passed without a decision or any request for additional documents. The visa application remains in administrative processing without explanation or resolution.

18. Plaintiff and the beneficiary have submitted repeated inquiries to the U.S. Embassy seeking updates. These include inquiries sent on August 1, 2023; September 25, 2023; December 5, 2023; January 8, 2024; March 8, 2025; April 16, 2025; May 9, 2024;

February 19, 2024; October 16, 2024, and others. Each time, they received either no response or an automated, non-substantive reply stating the case remains in processing. (See Exhibit F-J.)

19. In December 2023, after an inquiry, the Embassy requested that the beneficiary upload her renewed passport. She complied promptly. Shortly thereafter, the Embassy stated that because the passport had been renewed, the administrative processing had restarted, further delaying adjudication without a valid legal or procedural basis. (See Exhibit E.)

20. Plaintiff sent two follow-up emails to the Embassy asking why administrative processing restarted, explaining that no travel or changes had occurred. The Embassy did not respond. (See Exhibit F.)

21. Frustrated with the lack of progress, Plaintiff sought congressional assistance. Senator Thom Tillis submitted inquiries in January and April 2025 (See Exhibit B.), and Senator Ted Budd submitted an inquiry in February 2025 (See Exhibit A.). The Embassy responded with generic replies that the case was still undergoing processing, without explanation for the length or substance of the delay.

22. The average duration for administrative processing in immigrant visa cases is typically measured in weeks or a few months. A delay of more than two years following a completed interview is exceptionally rare and presumptively unreasonable, as

recognized by numerous federal courts in similar mandamus proceedings.

23. The Plaintiff and his wife have now been separated for more than four years, including over two years of post-interview delay. This extended separation has caused severe emotional and psychological harm, undermining the couple's marital relationship, delaying family formation, and depriving Plaintiff of his fundamental right to cohabitate with his spouse in the United States.

24. Plaintiff and the beneficiary have complied fully with all instructions, completed all forms, submitted all documents, and acted in good faith throughout this process. All available administrative remedies have been exhausted. The only remaining path to resolution is judicial intervention.

**CAUSE OF ACTION – UNREASONABLE DELAY UNDER THE APA AND MANDAMUS ACT**

25. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

26. Defendants have a nondiscretionary, ministerial duty to adjudicate immigrant visa applications within a reasonable period, as required by the Immigration and Nationality Act (INA), the regulations issued thereunder, and the Administrative Procedure Act (APA), 5 U.S.C. § 555(b).

27. Section 706(1) of the APA authorizes courts to compel agency action that is "unlawfully withheld or unreasonably delayed." The delay of more than 26 months following a completed visa interview is extraordinary and exceeds the boundaries of reasonableness.

28. The Defendants' failure to take final action on Plaintiff's spouse's visa application constitutes agency action "unreasonably delayed" and "unlawfully withheld," in violation of 5 U.S.C. § 706(1), and is arbitrary and capricious in violation of 5 U.S.C. § 706(2).

29. The Defendants' prolonged inaction has caused substantial emotional, psychological, and financial harm to the Plaintiff and his spouse, and deprives them of their fundamental right to family unity.

30. Plaintiff has no alternative adequate remedy in law other than to seek this Court's intervention through a writ of mandamus to compel the government to fulfill its lawful duty.

31. Accordingly, Plaintiff is entitled to judicial relief under the APA and the Mandamus Act, 28 U.S.C. § 1361.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that the Defendants' delay in adjudicating Plaintiff's spouse's immigrant visa application is unreasonable and unlawful under the Administrative Procedure Act and the Mandamus Act;

b. Issue a writ of mandamus compelling Defendants to adjudicate the pending immigrant visa application within thirty (30) days;

c. Issue an order compelling Defendants to take final action on the visa application pursuant to 5 U.S.C. § 706(1);

d. Retain jurisdiction over this action to ensure compliance with the Court's order;

e. Award Plaintiff any filing costs or other relief permitted by law;

f. Grant such other and further relief as this Court deems just and proper.

**Respectfully submitted,**
**Payam Noroozi**
4606 Ridgefall Rd
Greensboro, NC 27410
Email: noroozi.payam19@gmail.com
Phone: (727) 482-3101

Dated: May 20, 2025